UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CHARLES D. STILLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 1:06CV156 CDP |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

Movant Charles D. Stilley brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Stilley was originally sentenced to a term of 121 months imprisonment following his plea of guilty to a one count indictment charging him with distribution of five grams or more of crack cocaine. Criminal Case No. 1:06CR33CDP. He did not appeal. His sentence was later reduced to 97 months under 18 U.S.C. § 3582(c)(2), because of the retroactive amendments to the crack cocaine sentencing guidelines.

As his grounds for § 2255 relief, Stilley alleges that he received ineffective assistance of counsel, that his guilty plea violated Rule 11, Fed. R. Crim. P., that the crack cocaine sentencing guidelines should not have been used in his case, and that his Fifth and Sixth Amendment rights were violated because a jury did not determine all the elements of the crime. All of these claims are founded on the

argument that crack cocaine is not the same as cocaine base, and that there is no proof that he was involved with crack cocaine, as opposed to some other form of cocaine base. The records in this case conclusively show that Stilley is not entitled to post-conviction relief, because he – repeatedly and under oath – agreed that he was responsible for crack cocaine. I will therefore deny the motion without a hearing.

## **Background**

On January 9, 2006, Stilley made two separate sales of crack cocaine to an undercover officer. At approximately 1:24 p.m. he sold the undercover officer 4.4 grams for $300. Later, at approximately 4:28 p.m., he sold the same undercover officer seven grams of crack for $450. The transaction was captured on videotape.

Stilley pleaded guilty on May 11, 2006. The plea agreement included a waiver of appeal and a waiver of the right to file a § 2255 motion, with the exception that Stilley could file a §2255 motion only on grounds of ineffective assistance of counsel or prosecutorial misconduct at the time of sentencing. The agreement contained a non-binding recommendation that the total offense level was 31, because Stilley admitted that he was responsible for "at least 150 grams but less than 500 grams of a form of cocaine base known as 'crack' cocaine," resulting in a base offense level of 34, and the government agreed that Stilley

should receive the three-level reduction for acceptance of responsibility. The presentence report agreed with this calcuation, and I followed it at sentencing. Stilley had a criminal history category of II, so his sentencing guidelines range was 121 to 151 months. I sentenced Stilley to the bottom of that range, or 121 months. Later, when the crack cocaine guidelines were amended, I reduced that sentence to 97 months, which was the bottom of the new guidelines range.

## **Discussion**

Stilley initially filed a bare-bones form motion for relief under 28 U.S.C. § 2255. He listed as grounds: "Ineffective Assistance of Counsel," "Violation(s) of Rule 11 of the Federal Rules of Criminal Procedure," " USSG § 2D1.1Crack Cocaine Enhancement Was Improper," and "Petitioner's Fifth Amendment under the Notice and Jury Trial Guarantees of the Constitution's Sixth Amendment rights were violated." In the place where he should have included facts supporting these grounds, he stated, "See Memorandum and Brief that is forthwith coming, pursuant to this Court's order." Stilley was apparently under the mistaken belief that the Court would order him to file a brief, but that is not the practice in this district. Instead the Court ordered the government to respond. The government thus filed its response without knowing all of Stilley's arguments. Long after the government filed its response to the motion, Stilley filed a 31 page brief, arguing

that his guilty plea was premised on the "faulty and misleading legal advice from his counsel" that cocaine base was "crack" cocaine, and that his counsel was ineffective for failing to advise him of Sentencing Guidelines Amendment 487, which had been in effect since 1993 and which resolved a circuit split regarding whether forms of cocaine base other than crack (such as "paste") should be covered by the crack guidelines. He also complains that the Court did not advise him of the difference between crack and other forms of cocaine base, and did not advise him of the different sentences that could be obtained for crack and other forms of cocaine base. Stilley argues that the lab reports in the case do not support his admission that he was responsible for 150 to 500 grams of crack cocaine.

Stilley argues repeatedly throughout his brief that there was no evidence that the substance he possessed was crack cocaine, and that counsel was ineffective for failing to investigate the substance beyond the government's lab report. While the brief argues that he asked counsel to retest the drugs before the plea, and cites to an attached declaration, the declaration says nothing about this. Instead, it avers that he would have insisted on a trial instead of pleading guilty if counsel had "properly advised" him of several things: that crack cocaine was not the same thing as cocaine base, that he could have the drugs retested to determine whether it was crack or some other form of cocaine base, that amendment 487

speaks to the distinction between crack and other forms of cocaine base, and that the government had the burden of proof to show the existence of crack.

Stilley's argument that he should not be held responsible for crack cocaine is conclusively rebutted by the record in the case. In the plea agreement, he acknowledged being responsible for "at least 150 grams but less than 500 grams of *a form of cocaine base known as "crack" cocaine.*" (Plea agreement at page 6, emphasis added). The plea agreement later stated (at page 9), "The defendant further admits that on or about January 9, 2006, he distributed a substance containing cocaine base (*also referred to as "crack"*) to an undercover officer." (emphasis added). Stilley signed the plea agreement, and at the guilty plea hearing, after being placed under oath, Stilley acknowledged to me that he had signed the agreement, had read it and discussed it with his lawyer before he signed it, and that everything in the agreement was true. In explaining the agreement and asking him if he understood it and agreed with its contents, I repeatedly used the term "crack cocaine" and he repeatedly agreed that he was responsible for crack. He never claimed that he had some other form of cocaine base. At the beginning of the plea I asked him if he understood that he was charged with distribution of five grams or more of "cocaine base, or crack cocaine" and he stated he understood. (Plea Transcript at p. 3). In explaining the elements of the crime I used the term "crack

cocaine" three times, and he answered that he understood. (Tr. p. 7). After I told him that the sentencing guidelines were advisory, I discussed the portion of the plea agreement in which the parties made guidelines recommendations. I asked him if he understood that he was "agreeing that the amount of crack cocaine for which you are responsible and is considered relevant conduct would be 150 to 500 grams," and he answered that he was. (Tr. p. 11). In going over the factual basis for the plea, I used the term "crack cocaine" three times, and when I asked him if he agreed he stated "Yes, Your Honor." (Tr. p. 12).

The presentence report contained references to crack cocaine, and Stilley's counsel filed no objections. At the sentencing hearing, I asked Stilley whether he had gone over the report with his counsel and he stated he had. I asked if there was anything he wanted counsel to raise regarding the report that had not been resolved, and he stated, "No, ma'am, there is not." (Sentencing Transcript. p. 2). When I asked if he wished to make any statements, Stilley stated only that he wanted to apologize for his conduct and to apologize to his family. (Tr. 5).

Stilley had many opportunities to argue that the substance involved was some other form of cocaine base, but he never did so. Instead, repeatedly and under oath, he admitted that he was involved in selling large quantities of crack cocaine. His current arguments are basically an argument to me that he was lying

under oath at his plea hearing.

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (internal citations omitted); *see also Blackledge v. Allison*, 431 US 63, 74 (1977). Stilley's repeated admissions of his involvement with "crack" cocaine are a formidable barrier, and nothing in his current motion or brief has overcome the obstacle of his own sworn admissions at the guilty plea.

With regard to his argument that his counsel was ineffective for failing to advise him that other forms of cocaine base were treated differently, Stilley cannot show that this failure constituted ineffective assistance of counsel. The Sixth Amendment establishes the right to the effective assistance of counsel in a criminal case. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order for a convicted defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient, and fell below an objective standard of reasonableness. This showing of deficiency requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Additionally, a defendant must show

prejudice , which is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *Rogers v. United States*, 1 F.3d 697, 699-700 (8th Cir. 1993). To show ineffective assistance of counsel in the context of a guilty plea, a movant must show that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

Stilley has failed to show that counsel's performance was deficient in any way. There is no evidence, nor is there any reason to believe, that any non-crack form of cocaine base was involved in this case. Stilley's affidavit does not even say that he told counsel it was some other form of cocaine base – it just says that had he known there were other forms, he would have insisted on trial. This is not sufficient to show ineffective assistance. Counsel is under no obligation to suggest frivolous arguments to a client, nor is counsel supposed to suggest arguments that would, in essence, encourage perjury. Unless there was some evidence of another form of cocaine base in the case, counsel had no reason to advise Stilley of the guidelines treatment of non-crack forms of cocaine base, and his failure to do so did not fall below an objective standard of reasonableness. The police who bought the substance described it as crack, the lab reports described it as crack, Stilley himself admitted it was crack, and counsel was not ineffective for treating this as a

crack case, which is what it was.

Finally, to the extent Stilley argues that his due process rights or his rights under Rule 11 were violated, his arguments are frivolous. The court is under no obligation at a guilty plea to discuss with a defendant the possible sentences for drugs other than the one the defendant is charged with and is admitting distributing. Under Stilley's argument, the court would always have to explain cocaine sentences when defendants plead to crack offenses, would have to explain heroin sentences when defendants plead guilty to methamphetamine offenses, and so on. Neither Rule 11 nor the Due Process clause requires this.

## **Request for Evidentiary Hearing**

I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)). Because the records here conclusively show that movant is not entitled to relief as a matter of law, I need not hold a hearing.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside or correct sentence filed by Charles D. Stilley [#1] is DENIED.

A separate judgment in accord with this memorandum and order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2009.